■ U.T.A., B.V.I., LTD., et al., Respondents, v S&M ENTERPRISES et al., Appellants. [775 NYS2d 145]—

Order and judgment (one paper), Supreme Court, New York County (Martin Shulman, J.), entered May 9, 2003, which, after a nonjury trial, inter alia, conditionally awarded plaintiffs specific performance of options to purchase certain real property and dismissed defendants' counterclaims with prejudice, unanimously modified, on the law, to reinstate defendants' counterclaims against the corporate plaintiff for any unpaid use and occupancy and for attorneys' fees, and otherwise affirmed, without costs.

The court's unconditional dismissal of the counterclaims deprived defendants of the opportunity to seek use and occupancy and attorneys' fees, which are claims that exist independently of the issue concerning the now waived award to plaintiffs of specific performance of the purchase options. Defendants represent that plaintiff did not vacate the condominium units until June 2003, some $2^{1}/_{2}$ years following the expiration of plaintiff U.T.A.'s leases to those units in November 2000. Even if plaintiffs had timely exercised their right of specific performance, defendants' claim for use and occupancy would have survived, since the court specifically directed that "[p]laintiffs are not entitled to any credit as against the purchase price of the units for the use and occupancy which was paid after the expiration of the leases to the units and during the pendency of this action." Thus, to the extent that any use and occupancy was not paid prior to the time that plaintiff vacated the units, defendants' counterclaim for that relief should be reinstated. We also reinstate the counterclaim for attorneys' fees incurred by defendants in addressing the holdover tenancy. Concur—Nardelli, J.P., Saxe, Sullivan and Gonzalez, JJ.